IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERBERT WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 03-785-SLR |
| | ) |
| FIRST CORRECTIONAL MEDICAL and | ) |
| DR. TATAGARI, | ) |
| | ) |
| Defendants. | ) |

Herbert Williams, Delaware Correction Center, Smyrna, Delaware. Pro se Plaintiff.

Daniel L. McKenty, Esquire and Steven F. Mones, Esquire of McCullough & McKenty, P.A., Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: July 19, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On August 7, 2003, Herbert Williams, a pro se plaintiff proceeding in forma pauperis ("plaintiff"), filed the present action against First Correctional Medical ("FCM"), Dr. Tatagari, and Tom Carroll ("Carroll").[1] Plaintiff is incarcerated at the Delaware Correctional Center ("DCC"). In his complaint, plaintiff alleges that, pursuant to 42 U.S.C. § 1983,[2] the defendants deprived him of proper medical care in violation of the Eighth Amendment.[3] (D.I. 2) Plaintiff seeks compensatory damages for pain and suffering stemming from the alleged failure of the FCM personnel to adequately provide medical care for his hernia. (D.I. 2) The court has jurisdiction over the instant suit pursuant to 28 U.S.C. § 1331. Presently before the court is defendants First Correctional Medical and Dr. Tatagori's motion

---

[1] Plaintiff removed defendant Dana Baker from his original complaint. (D.I. 6)

[2] 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

[3] Although plaintiff does not specifically mention 42 U.S.C. § 1983 or the Eighth Amendment in his complaint, it appears that plaintiff was in fact relying on his rights under the Eighth Amendment.

to dismiss.[4] (D.I. 27) Defendants' motion was filed on December 16, 2004, but to date plaintiff has not answered it. For the reasons that follow, the court grants defendants' motion.

## II. BACKGROUND

Plaintiff is an inmate within the Delaware Department of Correction, housed at the DCC in Smyrna, Delaware. (D.I. 2) Plaintiff alleges that, at some point during his incarceration at DCC, he was placed under the care of FCM for treatment. (D.I. 2) While he has been seen "on several occasions" by a doctor on the medical staff of First Correctional Medical, plaintiff further alleges that the personnel have "failed to properly maintain [his] health status." (D.I. 2)

Dr. Gombeh-Alie, the Medical Director for defendant FCM, has attested to the fact that plaintiff has a small hernia that is treatable and "reducable," and for which plaintiff has received adequate care. (D.I. 27, Ex. 5 at ¶¶ 5, 10) Plaintiff is examined every two to three months to monitor his hernia and has not exhibited symptoms indicating that he is at risk for complications. (Id. at ¶¶ 8, 7) A review of plaintiff's medical records by Dr. Gombeh-Alie indicates that plaintiff has had no nausea, vomiting, abdominal pain or constipation, which usually accompany "problematic hernia[s]." (Id. at ¶ 6) In addition,

---

[4]On October 13, 2004, the court granted defendant Carroll's motion for judgment on the pleadings. (D.I. 24)

according to his medical records, plaintiff's hernia has not affected his daily activities at all.⁵ (Id.)

Pursuant to DCC procedures, plaintiff claims that he did fill out and submit two grievance forms concerning his alleged hernia. (D.I. 2) Plaintiff states that as of the time he filed this action, however, his grievances have not been heard.⁶ (D.I. 2)

### III. STANDARD OF REVIEW

Because the parties have referred to matters outside the pleadings, defendants' motion to dismiss shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986).

---

⁵Plaintiff has not contested this information nor provided any counter-evidence which would cause one to doubt Dr. Gombeh-Alie's opinions.

⁶In their motion to dismiss, defendants contend that plaintiff did not exhaust his administrative remedies. As the court has already found, plaintiff sufficiently pursued his administrative remedies by filing two grievance forms that were not responded to by DCC authorities. (D.I. 24 at 4, n.4)

"Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4

IV. DISCUSSION

The State of Delaware has an obligation under the Eighth Amendment to provide "adequate medical care" to the individuals who are incarcerated in its prisons. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3rd Cir. 1979)(citations omitted). To state a violation of his constitutional right to adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must demonstrate: (1) that he had a serious medical need; and (2) that the defendants were aware of this need and were deliberately indifferent to it. See West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Either actual intent or recklessness will afford an adequate basis to show deliberate indifference. See Estelle, 429 U.S. at 105.

The seriousness of a medical need may be demonstrated by showing that the need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). Moreover, "where denial or delay

5

causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

In the case at bar, plaintiff has not met the first requirement by showing that he has a serious medical need. Dr. Gombeh-Alie attested to the fact that plaintiff's hernia is "very small," "reducible" and that plaintiff has not shown any signs of complications. Plaintiff has not cited to nor alleged that his hernia is anymore serious than this. Even assuming plaintiff has shown a serious medical need, he has not put forth evidence of deliberate indifference to meet the second Estelle requirement.

As to this second requirement, an official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. Id. at 346. Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. Id. at 347. An official's conduct, however, does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know . . . of and disregard . . . an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and

6

he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a[n] . . . official knew of a substantial risk from the very fact that the risk was obvious." <u>Id.</u> at 842.

The law is clear that mere medical malpractice is insufficient to present a constitutional violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 106; <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir. 1993). Prison authorities are given extensive liberty in the treatment of prisoners. <u>See</u> <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979); <u>see</u> <u>also</u> <u>White</u>, 897 F.2d at 110 ("[C]ertainly no claim is stated when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness."). The proper forum for a medical malpractice claim is in state court under the applicable tort law. <u>See</u> <u>Estelle</u>, 429 U.S. at 107.

Plaintiff admits in his complaint that he has been treated on several occasions by the medical staff at DCC. (D.I. 2) Plaintiff merely contends that the medical staff has failed to comply with his requests that he be "placed on a surgical call with an outside hospital." (D.I. 2) The record is void of any

7

indication that plaintiff's hernia requires surgery or that defendants are being deliberately indifferent to this need. The record shows that plaintiff is being treated by defendants and "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.'" Boring, 833 F.2d at 473 (citing Pierce, 612 F.2d at 762). While the plaintiff may disagree with the medical treatment he is receiving, this does not support a § 1983 claim, as plaintiff has received some care and the evidence of record shows that the care he has received is adequate and proper.

Therefore, because plaintiff failed to show that his injuries were sufficiently serious, or that defendants were deliberately indifferent to his serious need, the allegations against defendants fail to satisfy either prong of the Estelle test.

## V. CONCLUSION

For the reasons stated above, the court grants defendants' motion for summary judgment. (D.I. 27) An order consistent with this memorandum opinion shall issue.